UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>RAHULKUMAR M. PATEL,<br> aka RAHUL PATEL,<br><br>    Defendant. | **Civil Action No. 21-cv-00994-SVN** |

## REPORT OF PARTIES' 26(f) PLANNING MEETING

Date Complaint Filed:  July 21, 2021.

Date Complaint Served:  August 19, 2021.

Date of Defendant's Appearance:  February 28, 2022.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, the parties conferred by video conference on June 8, 2023.  The participants were:

- Martin F. Healey and Susan Curtin for Plaintiff, the United States Securities and Exchange Commission (the "Commission" or "Plaintiff")

- Rahulkumar M. Patel ("Patel"), Defendant, pro se.

Counsel for the Commission provided Mr. Patel with a draft proposed report on Friday, June 2, 2023, and again on Tuesday, June 6.  As part of the June 8 conference, Mr. Patel advised, in response to a query as to whether he had reviewed the draft prior to the conference, "yes and no, because I can't review it 100%."  During the conference counsel for the Commission specifically addressed each of the paragraphs and sub-paragraphs of the

draft report with Mr Patel.  To the extent relevant, Mr. Patel's response and/or input from the June 8 conference for each of the paragraphs and sub-paragraphs is referenced below.  Mr. Patel was provided with a draft of a revised report, with that updated information, shortly after the June 8 conference.  At 5:00 p.m. on Friday, June 9, Mr. Patel provided additional requested information for the report.  That information in included herein - bolded and italicized.

## I.      Certification

Undersigned counsel (after consultation with their client) and the undersigned self-represented party certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.     Jurisdiction

### A.      Subject Matter Jurisdiction

This Court has federal question jurisdiction over this action pursuant to Section 22(a) of the Securities Act [15 U.S.C. § 77v(a)] and Sections 21(d), 21(e), and 27 of the Exchange Act [15 U.S.C. §§ 78u(d), 78u(e), and 78aa].

Mr. Patel disputes subject matter jurisdiction.

### B.      Personal Jurisdiction

Personal jurisdiction over the Defendant is contested by Mr. Patel.

## III.    Brief Description of Case

### A.      Plaintiff's Case Description

The Commission alleges that, Defendant Rahulkumar M. Patel, aka Rahul Patel

("Patel"), devised and executed a scheme to defraud investors through a private offering to purchase membership units in a purported hotel venture that Patel controlled.  Patel's fraudulent scheme began as early as February 2018 and continued well into 2020.  Between October and December 2018, Patel raised approximately $2,750,500 from 70 investors who purchased membership units in DNA Lodging East Hartford LLC ("DNA East Hartford"), Patel's limited liability company.  DNA East Hartford, through Patel, represented to investors that it intended to use their invested money to lease, renovate, and reopen a hotel.  Instead, Patel used material misrepresentations and omissions, and a device, scheme and artifice to defraud, and almost immediately diverted at least $925,000 of investor funds for his own personal benefit.   Patel used the diverted investor funds to advance the fraud and for at least $750,000 in personal expenses including:  $87,500 in payments to a yacht club, approximately $46,000 on travel and entertainment at casinos and elsewhere; and approximately $14,000 in direct cash withdrawals.

The Commission alleges that Patel's conduct violates both Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder, and Section 17(a) of the Securities Act of 1933.  The alleged misconduct constituted involved not only material misrepresentations in violation of Rule 10b-5(b) and Section 17(a)(2), but also constituted a scheme to defraud investors in violation of Rules 10b-5(a) and (c), and Section 17(a)(1) and (3).

The Commission seeks a permanent injunctions against Defendant, enjoining him a) from engaging in the transactions, acts, practices, and courses of business alleged in this Complaint, and b) from directly or indirectly, including, but not limited to, through any entity owned or controlled by Patel, participating in the issuance, purchase, offer, or sale of any security in an unregistered offering by an issuer, unless specified terms are met, as well as disgorgement of all ill-gotten gains from the unlawful conduct set forth in this Complaint,

together with prejudgment interest, civil penalties pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and such other relief as the Court may deem appropriate.

> ### B.       Defendant's Counter Case Description

Mr. Patel stated that he had not yet prepared a brief description of the case, but that he intended to do so.  Counsel for the Commission advised that if the description were received by the close of business on Friday, June 9, it would be included in the report.  ***(The Answer on 6/21/2012 (Document 23) have the questions (Rahulkumar Patel)).***


### IV.       <u>Statement of Undisputed Facts</u>

Counsel for the Commission provided the following proposed material facts and requested of Mr. Patel that he advise whether he was able to stipulate that any of below paragraphs are not disputed by him, in whole or in part.  Mr. Patel advised that he had not yet reviewed the listed paragraphs and that he did not know when he would do so.  ***(The Answer on 6/21/2012 (Document 23) have the questions (Rahulkumar Patel)).***

> 1.   DNA Lodging East Hartford LLC ("DNA East Hartford"), was a Connecticut limited liability company organized by Patel.

> 2.    DNA Lodging LLC ("DNA Lodging"), was a Connecticut limited liability company that Patel organized, purportedly to pursue investment opportunities in the hotel industry.  Patel controlled DNA East Hartford through DNA Lodging, which operated indirectly as the former's managing member.

3.   DNA Lodging East Hartford MM LLC ("DNA Manager"), was a Connecticut limited liability company organized and controlled by Patel, of which DNA Lodging owned 100%.

4.   363 Roberts Partners LLC ("363 Roberts-CT") was a Connecticut limited liability company with a principal office located in College Point, New York, that had no affiliation or connection with Patel other than through business dealings.

5.   A second entity with exactly the same name as the above (paragraph 4), 363 Roberts Partners LLC ("363 Roberts-TX"), was a Texas limited liability company controlled by Patel.

6.   M7 Investment Fund I LLC ("M7 LLC"), was a New Jersey limited liability company organized, managed, and fully owned by Patel.  M7 LLC owned 5.01% of DNA.

7.   Person 1, age 43, is a childhood friend of Patel who operated a sports therapy business in Lubbock, Texas.

8.   In approximately January 2018, Patel established DNA Lodging purportedly to pursue investment opportunities in the hotel industry.  In the same time frame he also established DNA East Hartford and DNA Manager.

9.   DNA Lodging owned 100% of DNA Manager which, in turn, owned 10% of DNA East Hartford.  DNA East Hartford's Certificate of Organization filed with the State of Connecticut identified DNA Lodging as its agent, DNA Manager as its managing member, and "Rahul Patel" as its organizer.

10.   In approximately May 2018, Patel created an "Operating Agreement of DNA Lodging LLC."  DNA Lodging's Operating Agreement identified three individuals ("the

DNA Partners") as owners of 94.99% of the company, with the remaining 5.01% owned by

M7 LLC, a New Jersey company owned, managed and controlled by Patel.

11.   Each of the DNA Partners had significant years of experience in the hotel

industry.

12.   Each of the DNA Partners was acquainted with Patel who approached each of

them individually and requested that they assist him by providing their names and resumes

for the hotel venture.

13.   The respective DNA Partners agreed to the arrangement and Patel paid each of

them $20,000, but complete control of DNA Lodging remained with Patel.

14.   Through a series of communications, including emails and telephonic, Patel

developed, wrote and edited, a Confidential Private Placement Memorandum ("the PPM"),

dated September 21, 2018, for two of the entities he controlled, DNA Lodging and DNA East

Hartford.

15.   Patel had ultimate authority over the statements in the PPM, as well as related

offering materials, including its content and whether and how to communicate it.

16.   The PPM specified that DNA East Hartford had been formed specifically to: (i)

acquire a leasehold interest, with a land purchase option, in the 130-key hotel located at 363

Roberts Street, East Hartford CT; (ii) renovate the existing hotel into 140 keys; and, (iii)

operate the hotel under the brand name of a major hotel chain.

17.   The PPM offered "Units of LLC Membership Interests" ("units") for a minimum

investment of $25,000 and had a target offering of $2,750,000.

18.   Patel arranged for the PPM and other offering documents to be used in a private

offering of securities conducted through an online crowd funding platform.

19.   Patel, through the online platform, began the private offering shortly after September 21, 2018, and between October and December 2018, successfully raised $2,750,500 from the sale of investment units in DNA East Hartford to 70 investors nationwide.

20.   The PPM and Company Agreement identified potential compensation for Patel, in relevant part, as (a) a one-time "Acquisition" fee in the amount of $165,000, due at the purchase of the hotel, (b) a one-time Financing Consulting Fee of $123,000, due upon the closing of the renovation financing;  (c) 50% of a one-time "Renovation/Construction Management" fee equal to $425,000 (so $212,500) or 5% of the total budget required to open the hotel, and (d) a share in revenues once the renovated hotel became profitable and investors were repaid.

21.   Patel also created a separate LLC – which he controlled – with the same name as the actual owner of the property at 363 Roberts Street.

22.   Patel knew that the actual owner of the property was 363 Roberts-CT, a limited liability company organized in Connecticut.

23.   On or about February 27, 2018, Patel arranged to register with the Secretary of State in Texas a limited liability company with the exact same name as the Connecticut LLC – 363 Roberts Partners LLC. ("363 Roberts-TX").

24.   At all times Patel controlled all actions related to 363 Roberts-TX.

25.   On February 7, 2019, 363 Roberts-CT (the actual property owner) granted a ground lease for the hotel to 363 Roberts-TX (the LLC Patel controlled) for $540,000, and 363 Roberts-TX simultaneously executing an "Assignment and Assumption of Lease" that assigned the ground lease to DNA East Hartford for a "final closing price" of $1,465,000.

26.   Between October and December 2018, approximately $2,750,500 from the sale of investment units to 70 investors was deposited into DNA East Hartford's bank account.

27.   From at least the period October 2018 to February 2019, Patel transferred proceeds of the offering from DNA East Hartford's bank account to bank accounts in the names of DNA Lodging, M7 LLC, and 363 Roberts-TX, all of which he controlled.

28.   Monies from those accounts were used by Patel to pay $761,365 in personal expenses, including:  $87,500 in payments to a yacht club, approximately $46,000 on travel and entertainment at casinos and elsewhere; and approximately $14,000 in cash withdrawals.

### V.        Case Management Plan:

### A.        Initial Disclosures

Initial disclosures will be served by June 23, 2023, as agreed to by both parties.

### B.        Scheduling Conference

1.        The parties request that the Court schedule a pretrial conference pursuant to Fed. R. Civ. P. 16(c) before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

2.        The parties request that a scheduling conference, if held, be in person.

### C.        Early Settlement Conference

1.        The parties certify that they have considered the potential benefits of attempting to settle the case before undertaking significant discovery or motion practice.

2.        The parties do not request an early settlement conference.

3.        The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

### D.        Joinder of Parties, Amendment of Pleadings, and Motions Addressed to the Pleadings.

Mr. Patel advised that he intended to amend prior pleadings that he had filed to

8

explain that "I'm not close to my mind."

    **E.**       **Discovery**

    a.       In making the proposals below concerning discovery, the parties have considered the scope of discovery permitted under Fed. R. Civ. P. 26(b)(1).  At this time, and without waiving objections to any discovery to be propounded by the opposing party, the parties wish to apprise the Court of the following information regarding the "needs of the case":

    b.       Plaintiff anticipates that discovery will be needed on the following subjects:

- Defendant's establishment and control of DNA Lodging and related companies, and the use of those companies to pursue investment opportunities in the hotel industry;

- The creation by Defendant of the Operating Agreement of DNA Lodging and the basis for the statements made in the Operating Agreement;

- The creation by Defendant of a Confidential Private Placement Memorandum ("the PPM") and the basis for the statements made in the PPM;

- Defendant Patel's state of mind in making the statements contained in the Operating Agreement and the PPM;

- Third party discovery concerning investor perspectives on statements made in the Operating Agreement and the PPM;

- Defendant's arranging for the PPM and other offering documents to be used in a private offering of securities through an online crowd funding platform;

- Defendant Patel's conduct in arranging for various transactions involving property at 363 Roberts Street, Hartford CT;

- Defendant Patel's state of mind in arranging for various transactions involving property at 363 Roberts Street, Hartford CT;

- Potential compensation for Defendant Patel identified in the PPM and related documents,

- The amount and disposition of any assets, including investments, received by Defendant Patel during the period 2018 to present;

- Defendant Patel's use of investor funds for personal expenses and/or expenses related to his scheme to defraud.

Defendant anticipates that discovery will be needed on the following subjects:

*Again, my doctor will show that I have huge language so I can't do this with a lawyer.  On June 9, 2024, at Stamford Hospital we will have a 9-month  medical.  He will provide in a letter in a week or two..  To this letter from Report 26(f), I can't understand these question, better but not for a case yet.   I also a stroke since 6/1/19.  I am also a patient of ashasia.  A motion to explain (week or two) how my condition is doing better than October 2022 but not even close to 100%.  For instance:*

*"Auditory working memory and comprenension-*

*token test stimuli- Identified objects by*

*size,color and shape with less than 50%*

*accuracy- accuracy improved with slow rate of*

*presentation. Followed directions targeting*

*comprhension of prepositons inferencing with*

10

*need for max prompts- patient stated that task*

*was difficult for him. Expressed frustraion*

*regarding continued comprehension*

*difficulties.  5/26/2023."*

*This was Debbie and this information is:  Hunsicker, Deborah J, SLP (Speech and Language*

*Pathologist) • Physical Medicinea n d Rehabilitation*

*L+M REHABILITATION SERVICES-PEQUOT.*

*A week or two I will provide more information that I am waiting for information from*

*hospital.  (Rahulkumar Patel).*

      c.      The Commission proposed that discovery be commenced by July 14, 2023, and completed (not propounded) by January 26, 2024, subject to Part (g) below.  Mr. Patel did not agree to this proposed schedule and did not offer a counter-proposal.

      d.      The Commission proposed that discovery not be conducted in phases.  Mr. Patel did not agree and did not offer a counter-proposal.

      e.      The Commission anticipates that it will require a total of no more than 10 depositions of fact witnesses and that depositions be completed by January 12, 2024.  Mr. Patel did not agree to the proposed completion date and could not anticipate whether he would require more than 10 depositions.

      f.      The parties will not request permission to serve more than 25 interrogatories.

      g.      The parties have not determined that expert witnesses are necessary in this case, but agree to reserve the right to jointly seek an extension of the discovery completion date to engage in expert disclosure and discovery should either party determine that expert

witnesses are necessary for trial.  If any party subsequently determines that expert

disclosure and discovery are necessary, the parties will promptly advise the Court and

jointly propose a stipulated expert disclosure and discovery schedule for the completion of

expert discovery.  Mr. Patel agreed to this proposed paragraph, but stated that he did not

fully understand it.

       h.       See Part (g) above.

       i.       See Part (g) above.

       j.       Damages analysis is not applicable; the Commission seeks statutory

penalties and the equitable remedy of disgorgement.

       k.       Undersigned counsel (after consultation with their respective clients concerning

computer-based and other electronic information management systems, including historical,

archival, back-up and legacy files, in order to understand how information is stored and how it

may be retrieved) and Defendant, pro se, have discussed the disclosure and preservation of

electronically stored information, including, but not limited to, the form in which such data shall

be produced, search terms and/or other techniques to be used in connection with the retrieval

and production of such information, the location and format of electronically stored information,

appropriate steps to preserve electronically stored information, and the allocation of costs of

assembling and producing such information.  The parties are in ongoing discussions around the

preservation and production of electronically stored information.  As part of its initial

disclosures, the Commission anticipates making available or producing non-privileged

documents collected in the course of the investigation leading to the filing of this action.  Mr.

Patel agreed to this proposed paragraph, but stated that he did not fully understand it.

l.      Undersigned counsel (after consultation with their clients) and Defendant, pro se, have also discussed the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms.  The parties are in ongoing discussions around the preservation, disclosure and management of such information.  As part of its initial disclosures, the Commission anticipates making available or producing non-privileged documents collected in the course of the investigation leading to the filing of this action. Mr. Patel agreed to this proposed paragraph, but stated that he did not fully understand it.

m.      Undersigned counsel and Defendant, pro se, have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.  The parties agree to the following procedures for asserting claims of privilege after production.  The parties agree that inadvertent production of privileged material does not waive the attorney-client privilege, work product protection, or other applicable privileges.  The parties will abide by the procedures set forth in Rule 26(b) concerning notice and claw back of inadvertently produced materials.  Mr. Patel agreed to this proposed paragraph, but stated that he did not fully understand it.

**F.      Other Scheduling Issues**

The parties do not propose any other scheduling matters at this time.

**G.      Summary Judgment Motions:**

Summary judgment motions, which must comply with Local Rule 56, will be filed on or before February 23, 2024, or in the event the parties determine the need to engage in expert discovery then summary judgment motions shall be filed on or before a date to be determined. The parties shall inform each other fourteen (14) days prior to the above dates of their intention to file summary judgment motions.

**H.      Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by the later of March 15, 2024 (if no summary judgment motions are filed) or thirty (30) days after the Court's ruling on any summary judgment motion that leaves open any issue of material fact for trial.

**VI.      TRIAL READINESS**

The case will be ready for trial fourteen (14) days after filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

The plaintiff Securities and Exchange Commission ("Commission"):

By its attorneys,
SECURITIES AND EXCHANGE COMMISSION

//s// Martin F. Healey
Martin F. Healey (D. CT. Bar No. 25093;
          Mass. Bar No. 227550)
Susan Cooke Anderson (D.C. Bar No. 978173)
Ellen Bober Moynihan (Mass. Bar No. 567598)
Susan Curtin (Mass. Bar No. 554550)

SECURITIES AND EXCHANGE COMMISSION
Boston Regional Office
33 Arch St., 24th Floor
Boston, MA 02110
Phone: (617) 573-8952 (Healey direct)
Fax: (617) 573-4590 (fax)
HealeyM@sec.gov (Healey email)


Local Counsel:


Michelle L. McConaghy, ct27157
Assistant United States Attorney

14

United States Attorney's Office
Connecticut Financial Center
157 Church St., 23rd Floor
New Haven, CT  06510
Phone: (203) 821-3700
Fax: (203) 773-5373
Email: Michelle.McConaghy@usdoj.gov

Defendant Rahulkumar M. Patel:        RP
Rahulkumar M. Patel, pro se

June 9, 2023

## CERTIFICATE OF SERVICE

I, Martin F. Healey, hereby certify that on June 9, 2023, I caused a true copy of the foregoing document to be filed through the ECF system and, accordingly, the document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").  I also sent copies of those documents via email to Defendant Rahul M. Patel.

//s//  Martin F. Healey
Martin F. Healey